The Chief Justice
delivered the opinion.
This is an appeal taken by Pogue from a judgment rendered against him upon the traverse of an inquest, finding him guilty of a forcible entry and detainer of M’Kee’s land.
It appears that the forcible entry and detainer complained of by M’Kee, consisted of Pogue’s inclosing a piece of woodland included in the boundaries of the deed under which M’Kee claimed, and also within the boundaries of a patent under which Pogue claimed, which was admitted to be elder than that from which M’Kee derived title. And it seems that both parties had settled upon their respective tracts, and that Pogue, about It or 12 years ago, but subsequent to M’Kee’s settlement, had inclosed with a fence a part of the interference. But whether M’Kee had settled on or inclosed any part of the interference, does not appear; nor does it appear to what extent the two tracts interfere.
M’Kee proved that at the time Pogue commenced inclosing the piece of land on which the forcible entry is complained of, one of the tenants of M’Kee, claiming under a lease from M’Kee, was making sugar upon the land in dispute, upon an agreement to pay M’Kee rent for the use of the sugar camp; and that after Pogue had laid the worm of the fence, the tenant continued to carry off the sugar water. He also proved that his tenant had cut timber and made rails within the bounds of the land, the possession of Which is the subject of contest, in this case, and that it had been several years used by M’Kee’s tenants as ⅛ sugar camp, but in all those cases under a general permission of M’Kee to make sugar within his boundaries.
Bibb for appellant, Hardin for appellee*
ÓB this state of thé case, the circuit court instructed the jury that M’Kee must be considered as having been legally possessed of the land ⅛ dispute when the forcible entry, complained of in this case, was committed. To this instruction Pogue excepted; and the only question presented by the record is, whether the instruction was correct or set".
We cannot, under the circumstances of this case, accord with the circuit court. As it does not appear that M’Kee had settled upon or inclosed any part of the interference between the two tracts, he could not, in virtue of bis settlement, have gained the possession of the land in dispute. For it is settled by numerous decisions of Ais court, that a person claiming under a junior grant, interfering with an elder, cannot, by settling or entering upon bis land outside of the interference, gain the possession of that which is included within the elder grant.
Whether the use of the land in dispute, as a sugar camp, and for timber for rails by the tenants of M’Kee, ought not to be considered as gaining a possession against the elder grant, which for some purposes would enure to the benefit ef M’Kee, need not be decided; for be that as it may, it certainly cannot avail him in the present controversy. For as his tenant was in the actual occupancy of the land in dispute when the forcible entry is alleged to have been committed, the possession in fact must have been in the tenant and not in M’Kee; and without having the possession ⅛ fact, he cannot maintain a warrant fora forcible entry and detaiaer. In sucha case be could not maintain an action Of trespass qnare clausum fregit; and if be had not such a possession as would enable him to maintain trespass, he certainly cannot sustain a warrant for a forcible entry and detainer.
The judgment must therefore be reversed with costs, and the cause be remanded for a new trial to be had, not incon* sistent with the foregoing opinion.